MATTHEW D. MURPHEY (SBN: 194111)
LINDSAY J. HULLEY (SBN: 184924)
GORDON & REES LLP
2211 Michelson Drive, Suite 400
Irvine, California 92612
Telephone: (949) 255-6950
Facsimile: (949) 474-2060
Email: mmurphey@gordonrees.com
Email: lhulley@gordonrees.com

KIMBERLY D. HOWATT (SBN: 196921)
GORDON & REES LLP
101 West Broadway, Suite 2000
San Diego, California 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124
Email: khowatt@gordonrees.com

Attorneys For Plaintiff,
THE ACTIVE NETWORK, INC.

FILED

2010 MAY 28  AM 11: 03

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

THE ACTIVE NETWORK, INC., a
Delaware corporation,

　　　　　　　　Plaintiff,

v.

ELECTRONIC ARTS INC., dba EA
SPORTS, a Delaware corporation,

　　　　　　　　Defendant.

Case No. 10 CV 1158 BEN WVG

**COMPLAINT FOR:**

1. **FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. §1114]**

2. **FEDERAL FALSE DESIGNATION OF ORIGIN [15 U.S.C. §1125(a)]**

3. **FEDERAL TRADEMARK DILUTION [15 U.S.C. §1125(c)]**

4. **STATE LAW TRADEMARK INFRINGEMENT [Cal. Bus. & Prof. Code §14245]**

5. **STATE LAW TRADEMARK DILUTION  [Cal. Bus. & Prof. Code §14247]**

6. **STATE LAW UNFAIR COMPETITION [Cal. Bus. & Prof. Code §17200 *et seq.*]**

**DEMAND FOR JURY TRIAL**

Gordon & Rees LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

1

ORIGINAL

Gordon & Rees LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

1    Plaintiff THE ACTIVE NETWORK, INC., for its complaint against defendant

2  ELECTRONIC ARTS INC., alleges as follows:

3                              **Jurisdiction and Venue**

4    1.    This action arises under the provisions of the Lanham Act, 15 U.S.C. §1051 *et*

5  *seq.* and under California state law governing trademarks, dilution and unfair competition,

6  specifically and respectively California Business and Professions Code §§14245, 14247 and

7  17200 *et seq.*

8    2.    This Court has jurisdiction over the subject matter of this action as it presents

9  federal questions pursuant to 28 U.S.C. §§1331 and 1338(a) and supplemental jurisdiction

10  pursuant to 28 U.S.C. §1367.  The Court also has jurisdiction of the California state claims

11  under 28 U.S.C. §1338(b).

12    3.    On information and belief, Defendant or its agents have transacted business in

13  the State of California and within this judicial district, and Defendant expected or reasonably

14  should have expected its acts to have consequences in the State of California and within this

15  judicial district, thus subjecting Defendant to the personal jurisdiction of this Court.

16    4.    The Court's exercise of jurisdiction over the person of the Defendant comports

17  with due process of law under the fifth amendment to the U.S. Constitution, and with the

18  California long-arm statute, California Code of Civil Procedure §410.10.

19    5.    Venue is proper in this district pursuant to 28 U.S.C. §1391.  Defendant is doing

20  business in this judicial district and therefore may be found in this district, and/or a substantial

21  part of the events giving rise to the claims alleged herein occurred within this district.

22                                  **Parties**

23    6.    Plaintiff THE ACTIVE NETWORK, INC. ("**Active Network**"), is a Delaware

24  corporation with its principal place of business in San Diego, California.  Active Network is

25  engaged in the business of marketing and providing integrated technology platforms, marketing

26  services and online media properties that encourage and enable participation in activities and

27  events, with an emphasis on sports activities and events and individual fitness programs.

28  ///

Gordon & Rees LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

7.     On information and belief, defendant ELECTRONIC ARTS INC. ("**EA**") is a Delaware corporation with its principal place of business in Redwood City, California.  EA does business as, and is primarily known to the public as, "EA SPORTS."   EA is engaged in the business of marketing and distributing video games.  On information and belief, EA is planning to enter the market for the provision of online services intended to encourage and enable participation in individual fitness programs.

8.     EA is publicly traded through the National Association of Securities Dealers Automated Quotation (System) (NASDAQ) under the symbol "ERTS."

### Active Network's Trademarks

9.     Active Network is the owner of registered trademarks ("**ACTIVE Marks**") for the following marks:

(a)     ACTIVE® (registration no. 3,442,704) in International Class 035 for use in connection with "online registration services for participatory sports and recreational activities; sports management services, namely, providing registration reports, statistics, patterns of usage, demographic statistics, and registration lists" and in International Class 041 for use in connection with "providing information regarding the scheduling of participatory sports and recreational activities and sporting events; sports training services, namely, providing personal training schedules and programs."  ACTIVE has been in use since 1999.  Its registration date is June 6, 2008.

(b)     ACTIVE.COM® (registration no. 2,842,121) in International Class 035 for use in connection with "online registration services for participatory sports and recreational activities; sports management services, namely, providing registration reports, statistics, patterns of usage, demographic statistics, and registration lists;" in International Class 038 for use in connection with "chat room services for the transmission of messages among computer users relating to participatory sports and recreational activities;" and in International Class 041 for use in connection with "providing information regarding the scheduling of participatory sports and recreational activities and sporting events; sports training services, namely, providing personal

Gordon & Rees LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

1    training schedules and programs." ACTIVE.COM has been in use since 1999. Its

2    registration date is May 18,  2004, and the mark has become incontestable.

3         (c)   THE ACTIVE NETWORK® (registration no. 2,677,073) in International

4    Class 035 for use in connection with "online registration services for participatory

5    sports and recreational activities; sports management services, namely, providing

6    registration reports, statistics, patterns of usage, demographic statistics, and registration

7    lists." THE ACTIVE NETWORK has been in use since 2001.  Its registration date is

8    January 21, 2003, and the mark has become incontestable.

9    True and correct copies of the ACTIVE Marks registrations are attached hereto as Exhibits A

10   through C.

11        10.    Active Network's ACTIVE Marks are famous, arbitrary, and highly distinctive

12   and are recognized by the public as identifying Active Network's goods and/or services.

13        11.    Active Network has used its ACTIVE Marks throughout the United States and

14   has heavily advertised and promoted them.  These marks have developed and represent

15   valuable, substantial and exclusive goodwill and reputation inuring to Active Network's benefit.

16        12.    Active Network has always exercised great care, skill, and diligence in

17   maintaining uniform standards of high quality for its products employing the ACTIVE Marks.

18        13.    The reputation associated with and the goodwill developed in the ACTIVE

19   Marks in the United States are of very high value to Active Network.

20                        **The ACTIVE Online Products**

21        14.    Among the products and services offered by Active Network is an integrated

22   suite of distinctive online websites which offer the following benefits to persons who have

23   registered to view and use them, including but not limited to:

24   --    online video workouts;

25   --    online coaching;

26   --    online questions from registered users and answers from knowledgeable staff;

27   --    online creation of personal exercise programs and development of fitness goals;

28   --    the creation and maintenance of online "communities" of users who can

---

4

**COMPLAINT**

1    exchange information and questions, and engage mutual reinforcement of

2    dedication to exercise and fitness goals;

3    --    online message boards relating to personal fitness

4    --    "chat rooms" relating to personal fitness

5    --    online workout activity tracking;

6    --    online creation of diet goals and calorie tracking;

7    --    online tracking of vital statistics (*e.g.*, heart rate, weight)

8    ("**ACTIVE Online Products**.")

9    15.    Active Network employs the ACTIVE Marks to mark, refer to, designate the

10   origin of, and to otherwise identify, the ACTIVE Online Products.

### EA's Infringing and Dilutive Activities

12   16.    EA presently markets video games entitled "EA SPORTS Active" and "EA

13   SPORTS Active More Workouts."  These games may be played on the Nintendo "Wii"

14   (pronounced "wee") hardware platform.  They are played solely on the Wii and do not interface

15   with any online functions or services.

16   17.    EA has no United States trademark registration for "EA SPORTS Active" or

17   "SPORTS ACTIVE" or "ACTIVE 2.0" or variation thereof, nor any application pending

18   therefor.

19   18.    EA has announced that in the near future it will launch a new product called "EA

20   SPORTS Active 2.0" that will replicate many if not all of the online functions exhibited by the

21   ACTIVE Online Products that Active Network has offered online for many years under the

22   ACTIVE Marks.

23   19.    EA SPORTS Active 2.0 is intended to compete directly with Active Network's

24   online products and services offered under the ACTIVE Marks.

25   20.    Active Network is informed and believes that EA is presently manufacturing,

26   soliciting, and taking advance orders for, "EA SPORTS Active 2.0."

27   ///

28   ///

Gordon & Rees LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

**COMPLAINT**

21.     Active Network's goodwill and reputation are or will be harmed by EA's use of marks containing the word "active" applied to online personal fitness programs and services.

22.     EA's use of marks containing the word "active" applied to online personal fitness programs and services so closely resembles Active Network's use of the ACTIVE Marks in connection with the ACTIVE Online Products as to be likely to cause confusion or mistake or to deceive as to the source or origin of EA's goods and/or services by creating the erroneous impression that EA's goods and/or services originate with, are sponsored, approved, endorsed or licensed by, affiliated or associated with, or in some way legitimately connected to Active Network, its ACTIVE Marks, or Active Network's goods and/or services, including but not limited to the ACTIVE Online Products.  EA's use of marks containing the word "active" applied to online personal fitness programs and services has and will continue to damage Active Network.

## First Claim for Relief
### Federal Trademark Infringement
### [15 U.S.C. §1114]

23.     Active Network realleges each of the foregoing paragraphs and incorporates them in this claim for relief.

24.     EA's actions and planned actions in connection with the sale, offering for sale, distribution or advertising of its goods and/or services bearing marks containing the word "active" applied to online personal fitness programs and services in interstate commerce, without the consent of Active Network, constitutes willful, deliberate and intentional infringement of the ACTIVE Marks, and has caused and continues to cause a likelihood of confusion, in violation of 15 U.S.C. §1114.

25.     By reason of the foregoing, Active Network has been injured in an amount to be proven.  In addition, as a result of EA's unlawful acts, Active Network has suffered and will continue to suffer irreparable harm, and Active Network has no adequate remedy at law with respect to this injury.  Unless the acts of trademark infringement are enjoined by this Court, Active Network will continue to suffer irreparable harm.  EA's actions have been knowing,

Gordon & Rees LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

**COMPLAINT**

Gordon & Rees LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

1    intentional, wanton, and willful, entitling Active Network to damages, treble damages, profits,

2    attorney's fees, statutory damages, and the costs of this action.

3                          **Second Claim for Relief**
                          **False Designation of Origin**
4                          **[15 U.S.C. §1125(a)]**

5         26.    Active Network realleges each of the foregoing paragraphs and incorporates

6    them in this claim for relief.

7         27.    EA's actions and planned actions in connection with the sale, offering for sale,

8    distribution or advertising of its goods and/or services bearing marks containing the word

9    "active" applied to online personal fitness programs and services in interstate commerce,

10   without Active Network's consent, is a false designation of origin, and has caused and

11   continues to cause a likelihood of confusion, mistake, and deception as to source, sponsorship,

12   affiliation, and/or connection in the minds of the public.

13        28.    EA's false designation of origin is in violation of Section 43(a) of the Lanham

14   Act, 15 U.S.C. §1125(a)(1).

15        29.    By reason of the foregoing, Active Network has been or will be injured in an

16   amount not yet fully determined, but believed to be in excess of $75,000.  In addition, as a

17   result of EA's acts of infringement, Active Network has suffered and will continue to suffer

18   irreparable harm, and Active Network has no adequate remedy at law with respect to this injury.

19   Unless EA's  acts of infringement are further enjoined by this Court, Active Network will

20   continue to suffer irreparable harm.

21        30.    EA's actions have been knowing, intentional, wanton, and willful, entitling

22   Active Network to damages, treble damages, profits, attorney's fees, and the costs of this action

23   pursuant to 15 U.S.C. §1117 in this Court's discretion.

24                          **Third Claim for Relief**
                          **Federal Trademark Dilution**
25                          **[15 U.S.C. §1125(c)]**

26        31.    Active Network realleges each of the foregoing paragraphs and incorporates

27   them in this claim for relief.

28   ///

---

7

**COMPLAINT**

Gordon & Rees LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

32.     Because of the substantial investment Active Network has made in marketing the ACTIVE Online Products and other online goods and services in connection with the ACTIVE Marks, throughout years of continuous use in commerce, including extensive advertising and publicizing of its products, the ACTIVE Marks have become instantly recognizable and distinctive in the online personal fitness services industry, have gained secondary meaning, and have become both distinctive and famous.  Thus, Active Network's ACTIVE Marks qualify as "famous marks" under the Federal Trademark Dilution Act, 15 U.S.C. §1125(c).

33.     EA's actions and planned actions in connection with the sale, offering for sale, distribution or advertising of its goods and/or services bearing marks containing the word "active" applied to online personal fitness programs and services in interstate commerce dilute or will dilute the capacity of the ACTIVE Marks to identify and distinguish Active Network's goods or services.

34.     By reason of the foregoing acts of trademark dilution, Active Network has been monetarily injured in an amount not yet ascertained.

35.     Active Network has no adequate remedy at law with respect to this injury. Unless EA's acts of trademark dilution are enjoined by this Court, Active Network will continue to suffer irreparable harm.

**Fourth Claim for Relief**
**Trademark Infringement**
**[Cal. Bus. & Prof. Code §14245]**

36.     Active Network realleges each of the foregoing paragraphs and incorporates them in this claim for relief.

37.     EA's actions and planned actions in connection with the sale, offering for sale, distribution or advertising of its goods and/or services bearing marks containing the word "active" applied to online personal fitness programs and services, without the consent of Active Network, infringes Active Network's trademark rights in violation of California Business and Professions Code §14245.

38.     By reason of the foregoing acts of trademark infringement, Active Network has been monetarily injured in an amount not yet ascertained.

8
**COMPLAINT**

Gordon & Rees LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

1    39.    Active Network has no adequate remedy at law with respect to this injury.

2  Unless the acts of trademark infringement are enjoined by this Court, Active Network will

3  continue to suffer irreparable harm.

**Fifth Claim for Relief**
**Trademark Dilution**
**[Cal. Bus. & Prof. Code §14247]**

6    40.    Active Network realleges each of the foregoing paragraphs and incorporates

7  them in this claim for relief.

8    41.    Because of the substantial investment by Active Network in marketing the

9  ACTIVE Marks, these marks have become recognizable and distinctive in the personal fitness

10  services industry, have gained secondary meaning, and have become both distinctive and

11  famous.  Thus, Active Network's ACTIVE Marks qualify as "famous marks" under the Federal

12  Trademark Dilution Act, 15 U.S.C. §1125(c).

13    42.    EA's actions and planned actions in connection with the sale, offering for sale,

14  distribution or advertising of its goods and/or services bearing marks containing the word

15  "active" applied to online personal fitness programs and services, without the consent of Active

16  Network, is both likely to cause injury to Active Network's business reputation and likely to

17  dilute the distinctive quality and capacity of the marks to identify and distinguish Active

18  Network's goods or services, in violation of California Business and Professions Code §14247.

19    43.    By reason of the foregoing acts of trademark dilution, Active Network has been

20  monetarily injured in an amount to be proven.

21    44.    Active Network has no adequate remedy at law with respect to this injury.

22  Unless the acts of trademark dilution are enjoined by this Court, Active Network will continue

23  to suffer irreparable harm.

**Sixth Claim for Relief**
**Unfair Competition**
**[Cal. Bus. & Prof. Code §17200 *et seq.*]**

27    45.    Active Network realleges each of the foregoing paragraphs and incorporates

28  them in this claim for relief.

9

46.     California Business & Professions Code §17200 *et seq.* provides that unfair competition means and includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

47.     By and through EA's conduct, including the conduct detailed above, EA has engaged in activities that constitute unlawful, unfair, and fraudulent business practices prohibited by Business & Professions Code §17200 *et seq.*

48.     EA's acts of intentional and willful trademark infringement and trademark dilution as alleged above constitute unfair competition actionable under the laws of the State of California as unlawful business acts or practices in that, *inter alia*, said acts violate the federal Lanham Act. Specifically, and without limitation, EA's actions and planned actions in connection with the sale, offering for sale, distribution or advertising of its goods and/or services bearing marks containing the word "active" applied to online personal fitness programs and services, without the consent of Active Network, have caused and continue to cause a likelihood of confusion, mistake, and deception in the minds of the public. Furthermore, said actions have a significant negative impact on the commercial value of and market for Active Network's products under the ACTIVE Marks, as well as the value of and market for other products bearing the Active Network name.

49.     EA's acts of infringement as alleged above constitute unfair competition actionable under the laws of the State of California as fraudulent business acts or practices, in that, *inter alia*, said acts are likely to confuse the public as to the origin of the products.

50.     EA's acts of infringement as alleged above constitute unfair competition actionable under the laws of the State of California as deceptive and false advertising, in that, *inter alia*, said acts are likely to cause confusion, mistake, and deception.

51.     Such acts and omissions described above are unlawful, unfair, fraudulent, deceptive, misleading, and untrue and constitute a violation of Business & Professions Code Section 17200 *et seq.* Active Network reserves the right to identify additional violations by EA as may be established through discovery.

///

Gordon & Rees LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

1    52.    As a result of EA's acts of unfair competition, Active Network has suffered and

2  will continue to suffer irreparable harm, and Active Network has no adequate remedy at law

3  with respect to this injury.  Unless the acts of unfair competition are enjoined by this Court,

4  Active Network will continue to suffer irreparable harm.

5    53.    As a direct and legal result of EA's unlawful, unfair, and fraudulent conduct

6  described above, EA has been and will continue to be unjustly enriched with ill-gotten gains.

7  **Prayer for Relief**

8    WHEREFORE, Active Network requests that this Court enter judgment in its favor, and

9  against EA, including orders that:

10    A.    Preliminarily and permanently enjoin EA and its employees, servants, agents,

11  affiliates, distributors, dealers, attorneys, successors and/or assigns, and all persons in active

12  concert or participation with any of them, from manufacturing, using, selling, offering to sell,

13  importing for sale, advertising, displaying, or using any goods and/or services in the United

14  States bearing marks containing the word "active" applied to online personal fitness programs

15  and services, or any mark likely to cause confusion, mistake, and deception, or to

16  misappropriate Active Network's intellectual property;

17    B.    Direct the destruction of EA's current advertising, promotional, and related

18  materials and products, as they relate to such activity in the United States, that bear the

19  infringing marks containing the word "active" applied to online personal fitness programs,

20  and/or any other confusingly similar mark to Active Network's ACTIVE Marks, and EA's

21  current inventory of products pursuant to 15 U.S.C. §1118 and other applicable laws;

22    C.    Direct an accounting of profits and damages resulting from EA's trademark

23  infringement and trademark dilution, and trebling of such damages under the trademark laws

24  because of the knowing, intentional, willful, and wanton nature of EA's conduct;

25    D.    Award Active Network damages for lost profits, loss of goodwill or other

26  damages as appropriate;

27    E.    Award Active Network an amount equal to three times the monetary award

28  assessed in view of EA's willful and wanton infringement;

Gordon & Rees LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

F.      Direct the seizure and forfeiture of all goods bearing infringing marks, upon delivery into the United States pursuant to 19 U.S.C. §1526(e) and California Bus. & Prof. Code §14250;

G.      Award Active Network punitive damages for EA's intentional and willful acts;

H.      Award Active Network its costs, expenses, and attorney's fees in this action pursuant to 15 U.S.C. §1117 and other applicable laws;

I.      Find this case to be "exceptional" as defined by the Lanham Act.

J.      Such other and further relief as the Court deems proper.


Dated: May 27, 2010                          GORDON & REES LLP


                                             By:
                                                Matthew D. Murphey
                                                Kimberly D. Howatt
                                                Lindsay J. Hulley
                                                Attorneys for Plaintiff
                                                THE ACTIVE NETWORK, INC.

Gordon & Rees LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

1

### Demand for Jury Trial

2     Plaintiff Active Network, Inc., hereby demands a jury trial on all issues as to which a

3  jury is available, as provided by Rule 38 the Federal Rules of Civil Procedure.

4

5  Dated: May 27, 2010                    GORDON & REES LLP

6

7                                          By: _____
                                              Matthew D. Murphey
8                                             Kimberly D. Howatt
                                              Lindsay J. Hulley
9                                             Attorneys for Plaintiff
                                              THE ACTIVE NETWORK, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

**COMPLAINT**

## TABLE OF EXHIBITS

### EXHIBIT A

United States Trademark Registration No. 3,442,704

### EXHIBIT B

United States Trademark Registration No. 2,842,121

### EXHIBIT C

United States Trademark Registration No. 2,677,073

Gordon & Rees LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

TANI/1063341/7915933v.1

**EXHIBIT A**

Int. Cls.: 35 and 41

Prior U.S. Cls.: 100, 101, 102, and 107

**United States Patent and Trademark Office**

Reg. No. 3,442,704
Registered June 3, 2008

## SERVICE MARK
## PRINCIPAL REGISTER

# ACTIVE

THE ACTIVE NETWORK, INC. (DELAWARE CORPORATION)
10182 TELESIS COURT, SUITE 300
SAN DIEGO, CA 92121

FOR: ON LINE REGISTRATION SERVICES FOR PARTICIPATORY SPORTS AND RECREATIONAL ACTIVITIES; SPORTS MANAGEMENT SERVICES, NAMELY, PROVIDING REGISTRATION APPLICATIONS, REPORTS, STATISTICS, PATTERNS OF USAGE, DEMOGRAPHIC STATISTICS, AND REGISTRATION LISTS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 12-31-1999; IN COMMERCE 12-31-1999.

FOR: PROVIDING INFORMATION REGARDING THE SCHEDULING OF PARTICIPATORY SPORTS AND RECREATIONAL ACTIVITIES AND SPORT-

ING EVENTS; SPORTS TRAINING SERVICES, NAMELY, PROVIDING PERSONAL TRAINING SCHEDULES AND PROGRAMS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 12-31-1999; IN COMMERCE 12-31-1999.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,677,073, 2,697,145, AND 2,842,121.

SN 78-858,156, FILED 4-10-2006.

KEVIN CORWIN, EXAMINING ATTORNEY

EXHIBIT *A* PAGE *15*

Int. Cls.: 35, 38 and 41

Prior U.S. Cls.: 100, 101, 102, 104 and 107

**United States Patent and Trademark Office**

Reg. No. 2,842,121
Registered May 18, 2004

## SERVICE MARK
### PRINCIPAL REGISTER

## ACTIVE.COM

THE ACTIVE NETWORK, INC. (DELAWARE CORPORATION)
1020 PROSPECT STREET
LA JOLLA, CA 92037

FOR: ONLINE REGISTRATION SERVICES FOR PARTICIPATORY SPORTS AND RECREATIONAL ACTIVITIES; SPORTS MANAGEMENT SERVICES, NAMELY, PROVIDING REGISTRATION REPORTS, STATISTICS, PATTERNS OF USAGE, DEMOGRAPHIC STATISTICS, AND REGISTRATION LISTS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 12-0-1999; IN COMMERCE 12-0-1999.

FOR: CHAT ROOM SERVICES FOR THE TRANSMISSION OF MESSAGES AMONG COMPUTER USERS RELATING TO PARTICIPATORY SPORTS AND RECREATIONAL ACTIVITIES, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 12-0-1999; IN COMMERCE 12-0-1999.

FOR: PROVIDING INFORMATION REGARDING THE SCHEDULING OF PARTICIPATORY SPORTS AND RECREATIONAL ACTIVITIES AND SPORTING EVENTS; SPORTS TRAINING SERVICES, NAMELY, PROVIDING PERSONAL TRAINING SCHEDULES AND PROGRAMS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 12-0-1999; IN COMMERCE 12-0-1999.

SER. NO. 76-223,596, FILED 3-12-2001.

STACY WAHLBERG, EXAMINING ATTORNEY

**EXHIBIT C**

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 2,677,073
Registered Jan. 21, 2003

### SERVICE MARK
#### PRINCIPAL REGISTER

## THE ACTIVE NETWORK

ACTIVE NETWORK, INC., THE (DELAWARE CORPORATION)
1020 PROSPECT STREET
LA JOLLA, CA 92037 , BY ASSIGNMENT ACTIVE.-COM, INC. (DELAWARE CORPORATION) LA JOLLA, CA 92037

FOR: ONLINE REGISTRATION SERVICES FOR PARTICIPATORY SPORTS AND RECREATIONAL ACTIVITIES; SPORTS MANAGEMENT SERVICES, NAMELY, PROVIDING REGISTRATION REPORTS, STATISTICS, PATTERNS OF USAGE, DEMO-

GRAPHICS STATISTICS, AND REGISTRATION LISTS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 5-23-2001; IN COMMERCE 5-23-2001.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "NETWORK", APART FROM THE MARK AS SHOWN.

SER. NO. 76-329,609, FILED 10-15-2001.

STACY WAHLBERG, EXAMINING ATTORNEY

EXHIBIT___*C*___PAGE__*17*

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS014022
Cashier ID: mbain
Transaction Date: 05/28/2010
Payer Name: AMERICAN MESSENGER SERVICE
-----------------------------------
CIVIL FILING FEE
 For: ACTIVE NETWORK V ELECTRONIC AR
 Case/Party: D-CAS-3-10-CV-001158-001
 Amount:        $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 6134
 Amt Tendered:  $350.00
-----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
THE ACTIVE NETWORK, INC., a Delaware corporation

**DEFENDANTS**   FILED
ELECTRONIC ARTS INC., dba EA SPORTS, a Delaware corporation   2010 MAY 28 AM 11: 02

**(b)** County of Residence of First Listed Plaintiff <u>San Diego</u>
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant San Diego
SOUTHERN DISTRICT OF CALIFORNIA (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Matthew D. Murphey, SBN: 194111; Kimberly D. Howatt, SBN 196921;
Lindsay J. Hulley, SBN: 184924
Gordon & Rees LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612
(949) 255-6950

Attorneys (If Known)   DEPUTY

'10 CV 1158 BEN   WVG

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury— | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | ☐ 871 IRS—Third Party | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | **IMMIGRATION** | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | Other | | ☐ 463 Habeas Corpus – | | State Statutes |
| | ☐ 440 Other Civil Rights | | Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C.§§ 1114, 1125(a) (c) and Cal. Bus & Prof Code §§§ 14245, 14247, 17200 et. seq.
Brief description of cause: Federal Trademark Infringement, False Designation of Origin, and Trademark Dilution and State Law
Trademark Infringement, Trademark Dilution and Unfair Competition

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $**   CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE May 27, 2010

SIGNATURE OF ATTORNEY OF RECORD
Matthew D. Murphey

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

TB 05.28.10

© 1994-2010 LegalNet, Inc.
www.FormsWorkflow.com