FILED

'10 JUN -2 AM 8:02

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                              DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ACTIVE NETWORK, INC., a Delaware corporation,<br><br>         Plaintiff,<br><br>vs.<br><br>ELECTRONICS ARTS INC., dba EA SPORTS, a Delaware corporation,<br><br>         Defendant. | CASE NO. 10-CV-1158 BEN (WVG)<br><br>ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND GRANTING APPLICATION FOR ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE |

On May 28, 2010, Plaintiff The Active Network, Inc. initiated this action against Defendant Electronics Arts Inc., dba EA Sports for alleged trademark infringement and unfair competition. (Docket No. 1.) At the same time, Plaintiff filed an *Ex Parte* Application for a Temporary Restraining Order and/or an Order to Show Cause Why a Preliminary Injunction Should Not Be Entered (the "Applicaton") to enjoin Defendant from advertising, marketing or otherwise using the name "EA SPORTS Active 2.0." (Docket No. 3.) For the reasons set forth below, the Court **DENIES** Plaintiff's ex parte application for a temporary restraining order and **GRANTS** Plaintiff's application for an order to show cause why a preliminary injunction should not be entered.

The Federal Rules of Civil Procedure outline the procedures the Court must follow when deciding whether to grant a temporary restraining order ("TRO"). *See* Fed. R. Civ. P. 65(b). Ordinarily before issuing a TRO, the Court must hold a hearing. In rare circumstances, a TRO may issue without notice to the adverse party. *Id.* Given the strong policy in favor of providing notice to

1    the nonmoving party, a TRO may issue without notice only if:

2             (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant

3             before the adverse party can be heard in opposition; and

              (B) the movant's attorney certifies in writing any efforts made to give notice

4             and the reasons why it should not be required.

5    *Id.*

6        In this case, Plaintiff fails to submit a declaration or other affidavit showing that any effort was

7    made to give notice.  Plaintiff also fails to explain why notice should not be required.  Even if the

8    motivating factor behind the Application is an International Trade Show purportedly scheduled for

9    June 8, 2010 (Appl., pg. 12), Plaintiff fails to explain why even shortened notice could not be given

10    and was not required.  Fed. R. Civ. P. 56(b)(1)(B).

11        The declaration submitted by Stephen Kehle, Plaintiff's vice president of the Sales, Media and

12    Marketing division, likewise does not show that immediate and irreparable injury will result to

13    Plaintiff absent ex parte relief.  Fed. R. Civ. P. 65(b)(1)(A).  The only exigency presented by Mr.

14    Kehle's declaration is the International Trade Show purportedly scheduled to begin June 8, 2010, at

15    which both Plaintiff and Defendant are expected to advertise their "active" products.  (Kehle Decl.,

16    ¶ 20.)  However, according to Plaintiff, Defendant has been advertising and marketing its "active"

17    product since March 2010 (Kehle Decl., ¶ 13); therefore, the trade show does not present new

18    circumstances justifying ex parte relief.

19        In light of the above, the Court finds Plaintiff fails to satisfy the requirements for a TRO on an

20    ex parte basis.  Nevertheless, having considered the Application and good cause appearing, the Court

21    hereby orders Defendant to appear on **June 28, 2010 at 10:30 a.m.** to show cause why a preliminary

22    injunction should not be entered as requested in the Application.  The parties may file oppositions and

23    replies in accordance with Civil Local Rule 7.1.  Plaintiff is directed to serve a copy of this Order on

24    Defendant and its counsel, if known.

25    **IT IS SO ORDERED.**

26    Date: June __1__, 2010

27                                  Hon. Roger T. Benitez
                                 United States District Court Judge

28